| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BRANDY NICOLE JOHNSON, §
　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　§
versus §　　CIVIL ACTION NO. 1:15-CV-416
　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-ID, §
　　　　　　　　　　　　　　§
　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Brandy Nicole Johnson, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for aggravated assault with a deadly weapon.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by the respondent be granted. The motion asserted that the petition was barred by the applicable statute of limitations.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

After careful consideration, the court agrees with the magistrate judge's conclusion that the petition was filed after the period of limitations expired. However, petitioner asserts she

should be excused from compliance with the applicable statute of limitations because she is actually innocent. Petitioner asserts she acted in self-defense.

In *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims. An actual innocence claim requires a petitioner to support her allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, it is not the mere allegation of actual innocence that will open such a "gateway." Instead, a petitioner seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial. *McQuiggin*, 133 S.Ct. at 1936. In other words, an "actual innocence" exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 1933.

Petitioner has failed to satisfy the standard established in *McQuiggin*. While petitioner asserts she acted in self-defense, she has neither presented nor described any new reliable evidence supporting her assertion. Accordingly, she may not avoid the statutory limitations bar.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. The respondent's motion to dismiss is **GRANTED**. A final judgment will be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether her claims are barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to her position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 2nd day of November, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE